NO. 07-07-0051-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C
 
JULY 30, 2008
______________________________

SARAI GOMEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_________________________________

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

NO. 05-835-K26; HONORABLE BILLY RAY STUBBLEFIELD, JUDGE
_______________________________


Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
MEMORANDUM OPINION
          Appellant, Sarai Gomez, appeals her conviction and life sentence for capital murder
contending that the trial court failed to make findings of fact and conclusions of law
regarding the voluntariness of her confession, erroneously admitted her videotaped and
written confession, and failed to properly instruct the jury regarding the issue of the
voluntariness of a confession. We affirm.
 
Background 
          On May 30, 2005, appellant was babysitting three children at a home in Hutto,
Texas. During the evening meal, appellant was feeding the children when the child victim
began choking. Appellant was unable to remove the food from the child’s mouth and ran
to a neighbor’s home to ask for help. The neighbor contacted 911 and waited for an
emergency response team; while they waited, another neighbor attempted CPR but was
unsuccessful. 
          The Hutto Fire Department arrived and began attempting to remove food from the
child’s mouth in order to provide oxygen with a valve bag. When Williamson County
paramedics arrived, they determined that the child needed to be transported to Round
Rock Hospital. While transporting her to the hospital, the paramedics were unable to
intubate the child and used forceps to remove additional food from the child’s mouth. At
the hospital, the doctor also had to use forceps to remove more food and eventually was
able to intubate the child; however, by this point the child was in critical condition. The
doctor then made the decision to have the child moved to the Children’s Hospital in Austin. 
When the child arrived at the Children’s Hospital, the child was unable to breath on her
own and was placed on a ventilator. Additionally, the child had retinal hemorrhages,
bruising on her face, and a basal skull fracture. On June 1, the child passed away. An
autopsy performed on the child declared that the child died due to a lack of oxygen to the
brain caused by choking. 
          While at the Children’s Hospital in Austin, appellant spoke with investigating officers
and admitted to being the caretaker of the victim. On June 8, 2005, appellant went to an
office for the Texas Department of Public Safety and spoke with DPS Sergeant Enrique
Muniz. The interview with Sergeant Muniz was videotaped. In the course of the interview,
appellant admitted to hitting the child and to placing her finger in the child’s mouth to push
food into her mouth. As a result of the interview, appellant wrote two statements recording
the events of the day the child choked. The first statement detailed appellant’s story of
how the child hit her head while appellant bathed her and the second statement detailed
appellant’s use of her finger to put food into the child’s mouth. While incarcerated at the
Williamson County Jail, telephone conversations between appellant and her sister were
recorded where appellant admitted to “jamming” food into the victim’s mouth and to
pleading guilty because “she did it.” At trial, the State admitted into evidence a copy of the
videotaped confession and the two written statements, over appellant’s objections. At the
conclusion of the trial, the jury found appellant guilty and appellant was sentenced to life
imprisonment in the Texas Department of Criminal Justice-Institutional Division. 
          Appellant now appeals raising three issues. Appellant contends that the trial court
(1) failed to enter findings of fact and conclusions of law, as required by article 38.22 of the
Texas Code of Criminal Procedure; (2) erroneously admitted into evidence a videotaped
interrogation and written statement from appellant; and (3) failed to instruct the jury on the
issue of the voluntariness of appellant’s statements within the jury charge.
 
 
Finding of Facts and Conclusions of Law
Under Article 38.22 Section 6 of the Texas Code of Criminal Procedure



 
          The purpose for requiring a trial court to make findings of fact and conclusions of
law is to provide a basis on which an appellate court can review the trial court's application
of the law to the facts. Rodriguez v. State, 919 S.W.2d 136, 139 (Tex.App.–San Antonio
1995, no pet.). A trial court sufficiently complies with the mandatory requirement to file
findings of fact and conclusions of law regarding the voluntariness of a defendant's
statement when the trial court dictates its findings to the court reporter at the end of the
hearing. Murphy v. State, 112 S.W.3d 592, 601 (Tex.Crim.App. 2003).
          In this case, at the conclusion of the pretrial hearing regarding the voluntariness of
appellant’s confession, the court denied appellant’s Motion to Suppress. Based on that
ruling, the State specifically requested that the trial court make findings of fact and
conclusions of law. In response, the trial court stated, 
I reviewed the entire transcript of the interrogation, made very clear to the
Defendant that she was not in custody, and her statement was not induced
by any promises. In fact, it was quite clear from the transcript the officer
commented extensively that it was to her benefit to cooperate but that he
had no control over decisions made by the District Attorney in this County,
and that – that the Court finds that at no time was she coerced or was
induced to make the statement involuntarily.
 
          Therefore, we conclude that the trial court did indeed comply with section 6 of article
38.22. See id. at 601-02. We conclude that these findings are sufficient to provide this
court a basis upon which to review the trial court’s application of the law to the facts
particular to this case. We overrule appellant’s first issue.
Admission of Videotape and Written Confession
          Generally, a trial court’s ruling on a motion to suppress is reviewed by an abuse of
discretion standard. Oles v. State, 993 S.W.2d 103, 106 (Tex.Crim.App. 1999). However,
when presented with a question of law based upon undisputed facts, an appellate court
performs a de novo review of the trial court’s ruling. Id.; Guzman v. State, 955 S.W.2d 85,
89 (Tex.Crim.App. 1997). Before a promise will render a confession inadmissible, it must
be shown that the promise induced the confession. Muniz v. State, 851 S.W.2d 238, 254
(Tex.Crim.App. 1993). In order to induce the confession, a promise must be (1) positive,
(2) made or sanctioned by someone in authority, and (3) of such an influential nature that
a defendant would speak untruthfully in response thereto. Id. 
          Appellant raises the issue of voluntariness by complaining of the admission of the
videotape of the appellant’s interview with Muniz as well as the second written statement
given by appellant. Appellant contends that Muniz made comments regarding appellant’s
son that were meant to induce appellant to confess. Specifically, appellant contends that
Muniz stated that it would be better for appellant to cooperate, that appellant needed to
consider whether she wanted the chance to be with her son someday, and that she
needed to take advantage of the opportunity that the police were giving her to tell the truth.
           There is no dispute that Muniz did, in fact, make those remarks to appellant; the
dispute is the effect of such remarks. Consequently, we review the trial court’s ruling to
admit the videotape and statements de novo. See Oles, 993 S.W.2d at 106. At the outset
of Muniz’s meeting with appellant, Muniz explained that his role at the meeting was to act
as intermediary between appellant and the Hutto police. Muniz further informed appellant
that she was not under arrest. Next, Muniz explained to appellant that the Hutto police
were seeking a written statement from her and asked whether she would provide a
statement. After appellant wrote down a statement, Muniz began encouraging her to tell
more of the story. Muniz began speaking to appellant about the inconsistencies in
appellant’s statement and the evidence in the case. Muniz spoke to her about the autopsy,
the statement of one of the other children detailing appellant sticking her finger in the
victim’s mouth, and the statements from paramedics and doctors stating that the food in
the victim’s mouth was not chewed, as would normally be expected. Muniz then attempted
to gain appellant’s confidence by telling her that good people sometimes make mistakes
and that, by accepting responsibility, appellant could better the situation. Appellant began
to tell Muniz about how she felt pressured by taking care of several children. Muniz
encouraged appellant to continue to tell what had happened that day. As the interview
continued, appellant admitted to hitting the children on occasion and rushing the children
to eat on the day that the child died. After appellant raised the fact that she had a son,
Muniz stated, 
If you, the life of your son is worth more than that, then . . . I recommend . . .
that here is your chance, and like I told you a while ago, you’re going to have
to trust me. And . . . I don’t have anything to do, nothing for the . . . for this
cause, they’re not going to give me anything . . . a prize, nothing. I just want
to do . . . what the best thing is for the little girl, for you, for your son, for the
family. And all of that, what happened, unfortunately already happened. . . 
I’m just telling you what it is . . . and that you accept responsibility, and if you
really love your child, the way you love him . . . and maybe you want a future
with your son . . . here is the opportunity. 
 
As appellant continued to be more forthcoming with information, Muniz continued to
encourage her to tell more by stating,
Sarai, tell me everything that happened that day. The truth. Please for your
own good, for the good of your son. It’s better to be able to talk with
someone about this, for here is your chance, so that you can get all of this
off your insides. And I swear to you, that you’re going to feel better. Then
we will have a place to start off from, and we’ll go forward then.
 
          Appellant then confessed and Muniz asked her to write down her statement. After
appellant gave the written statement confessing to the offense, Muniz informed appellant
that they would have to wait to see what the district attorney wanted to do next. 
          Reviewing the totality of the circumstances, appellant was not given any indication
that she was under arrest prior to the interview. In fact, at the commencement of the
interview, Muniz clearly stated to appellant that she was not under arrest. Muniz further
stated that he was not offering any incentives and that he had nothing personal to gain by
getting appellant to confess. Throughout the interview process, Muniz explained to
appellant that he was looking for the truth and pointed out to appellant the inconsistencies
between her first written statement and the evidence that had been gathered. In our
review, we conclude that Muniz did not induce or attempt to induce appellant into providing
a confession in exchange for any promised benefit. Therefore, we conclude that the
complained of actions of the officer were not of such an influential nature that it induced
appellant to speak untruthfully in response. Muniz, 851 S.W.2d at 254. Thus, the trial
court did not commit error in admitting the videotape and appellant’s written statement
because the admitted evidence was not the result of an inducement or promise of the type
to render the confession inadmissible. We overrule appellant’s second issue.
Requested Jury Instruction
          The first step in deciding upon an appropriate jury instruction regarding
voluntariness of a statement is identifying the theory of involuntariness being claimed by
the defendant. See Oursbourn v. State, No. PD 1687-06, 2008 WL 2261744, at *4
(Tex.Crim.App. June 4, 2008). Potential “involuntary” confession fact scenarios
encompassed by article 38.22 are broader than those covered by the Due Process Clause
or Miranda. Id. at * 7. Other bases for a claim that a statement was involuntarily given,
such as youth, intoxication, or mental retardation are rarely, by themselves, sufficient to
render a statement as inadmissible, but are factors that a jury, armed with a proper jury
instruction, are entitled to consider. Id. An article 38.22, section 6, “general” instruction
asks the jury: “Do you believe, beyond a reasonable doubt, that the defendant’s statement
was voluntarily made? If it was not, do not consider the defendant’s confession.” Id. A
“specific” instruction under article 38.23(a), is fact based and asks the jury a more specific
question such as, “Do you believe that the statement made by defendant was induced by
the officer’s actions? If so, do not consider the defendant’s confession.” Id. It is the
defendant’s responsibility to delineate which type of “involuntariness” he is claiming–a
general (perhaps subjective) lack of voluntariness or a specific police-coerced lack of
voluntariness - because the jury instruction is very different depending upon the type of
claim. Id. 
          At the jury charge conference, appellant requested a jury instruction on the 
voluntariness of her statement. Appellant proposed the following jury instruction:
You are instructed that under our law a statement of a defendant made while
under arrest or in custody may not be used in evidence against a defendant
unless it appears that the statement was freely and voluntarily made, without
compulsion or persuasion. Now, therefore if you find from the evidence or
if you have a reasonable doubt thereof that at the time of the making of the
statement, if any, to Detective Muniz the Defendant was induced by
persuasion to make such a statement, if any, by Detective Muniz by telling
and promising the Defendant that “How much is the life of your son worth?
Here is your chance so that really – let’s see how much really you appreciate
that little boy. That boy, his mother some day, and the question is are you
going to want to have a chance to be with him or not?” The other: And if you
further find that Officer Muniz said “And if you really love your child the way
you love him, and maybe you want a future with your son further, here is the
opportunity” then you will completely disregard such statement as evidence
for any purpose, or will you consider any evidence obtained as a result
thereof. The trial court denied the request. When a defendant requests a “specific” instruction
related to voluntariness as a result of police coercion, the evidence heard by the jury must
(1) raise an issue of fact; (2) be affirmatively contested; and (3) the contested factual issue
must be material to the lawfulness of the challenged conduct in obtaining the statement
claimed to be involuntary. Id. at *10. If there is no disputed factual issue, the legality of
the conduct is determined by the trial court as a question of law. Id. 
          In this case, appellant’s proposed jury instruction specifically asked whether the
police action induced or persuaded appellant to confess. As such, appellant was not
requesting a “general” instruction on voluntariness, but rather a “specific” instruction on
voluntariness under article 38.23.


 Since there is no factual dispute on how the evidence
was obtained, we conclude that the trial court did not err in failing to include an article
38.23 jury instruction. Id. at *12 n.85. 
          As to whether the trial court was required to include a “general” instruction on
voluntariness, under section 6 of article 38.22, an instruction becomes necessary when the
parties litigate a section 6 voluntariness issue before the judge. Id. at *9. Since the trial
court held a pretrial hearing on the issue of voluntariness, appellant was entitled to an
instruction under section 6 of article 38.22. But because appellant never requested a
“general” voluntariness instruction, she is entitled to a review of that error only under
Almanza’s “egregious harm” standard.


 Id. at *13. 
          Reviewing the facts, as discussed in the second issue, the totality of the
circumstances do not support a finding of egregious harm. Along with appellant’s
confession and videotape interview, the jury had testimony from the neighbors, firefighter,
paramedics and doctors, who all testified to finding unchewed food in the child’s mouth. 
One of the other children also testified to observing appellant place food in the victim’s
mouth with her fingers. Further, the jury heard of appellant’s phone calls to her sister
admitting to the offense. Finally, the jury heard about the autopsy which concluded that
the victim died from choking on food. We conclude that the trial court’s failure to include
a “general” instruction on voluntariness did not injure the rights of appellant to have a fair
and impartial trial. Almanza, 686 S.W.2d at 172. We overrule appellant’s final issue.
Conclusion
          For the foregoing reasons, we affirm the trial court’s judgment. 
 
                                                                Mackey K. Hancock

                   Justice







Quinn, C. J., concurring in result. 







Do not publish.